IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| FREDERICK BURRELL, (SPN #16422587) Petitioner, | § § § § | |
| vs. | § | CIVIL ACTION H-14-2333 |
| THE STATE OF TEXAS, Respondent. | § § § § | |

## MEMORANDUM AND OPINION

Frederick Burrell filed a federal petition for a writ of habeas corpus. The threshold issue is whether Burrell's federal petition is subject to dismissal for nonexhaustion. The court concludes that his petition should be dismissed for nonexhaustion.

### I.  Background

On-line research reveals that on March 5, 2014, Burrell was arrested for evading arrest (Cause Number 12-03317-CRF-361), assault of family member (Cause Number 14-00538-CRF-361), and theft of property less than $1,500 (Cause Number 12-01528-CRF-361).

Burrell complains that he should have been released on bond within ninety days of his initial detention because the State was not ready to proceed to trial. Burrell states that his bond was initially set at $25,000.00, and then it was raised to $154,000.00.

Burrell seeks his immediate release from custody.

### II.  Analysis

Liberally construed, Burrell complains that he has been denied his right to a speedy trial under the Sixth Amendment to the United States Constitution. *See* U.S. CONST. amend. VI (guaranteeing that "the accused shall enjoy the right to a speedy and public trial" in all criminal

prosecutions). The Sixth Amendment right to a speedy trial is applicable to the states pursuant to the Due Process Clause found in the Fourteenth Amendment. *See Klopfner v. North Carolina,* 386 U.S. 213, 222 (1967). The Texas Constitution contains a similar speedy trial guarantee. *See* TEX. CONST. art. I, § 10; *Zamorano v. State,* 84 S.W.3d 643, 647 n.6 (Tex. Crim. App. 2002) (noting that Article I, § 10 of the Texas Constitution guarantees the accused in all criminal prosecutions the right to a speedy and public trial). Complaining of the eight-month delay in prosecuting his case, Burrell seeks his immediate discharge from custody.

The court must consider whether Burrell may seek pre-trial habeas relief on his speedy trial claim. A petitioner may not seek pre-trial habeas relief under 28 U.S.C. § 2254. "[T]hat section applies only to post-trial situations and affords relief to a petitioner 'in custody pursuant to the judgment of a state court.'" *Dickerson v. Louisiana,* 816 F.2d 220, 224 (5th Cir. 1987) (quoting 28 U.S.C. § 2254(a) and (b)). Pre-trial petitions are cognizable under 28 U.S.C. § 2241, "which applies to persons in custody regardless of whether final judgment has been rendered and regardless of the present status of the case pending against him." *Dickerson,* 816 F.2d at 224; *see also Braden v. 30th Judicial Circuit Court of Ky.,* 410 U.S. 484 (1973).[1] Therefore, Burrell's request for speedy trial relief is construed as a claim for pre-trial habeas relief pursuant to 28 U.S.C. § 2241(c).

Pre-trial habeas relief is available only to enforce a state's obligation to bring a defendant promptly to trial, not to adjudicate the merits of a speedy trial claim under the Sixth Amendment and bar the state from proceeding to trial. *Dickerson,* 816 F.2d at 224. To be eligible for pre-trial habeas

---

[1] Section 2241(c) provides in relevant part that "[t]he writ of habeas corpus shall not extend to a prisoner unless . . . (3)[h]e is in custody in violation of the constitution or laws or treaties of the United States."

relief pursuant to 28 U.S.C. § 2241, a petitioner must be "in custody" and must have exhausted his available state remedies. *Braden*, 410 U.S. at 488-89; *Dickerson*, 816 F.2d at 224. It is only in the post-trial setting that exhaustion is mandated by statute. *Compare* 28 U.S.C. § 2254(b), *with* 28 U.S.C. § 2241(c)(3). Despite the absence of an exhaustion requirement in § 2241(c)(3), a body of case law has developed holding that federal courts should abstain from the exercise of that jurisdiction if the issues raised in the petition may be resolved either by trial on the merits in the state court or by other state procedures available to the petitioner. *See Dickerson*, 816 F.2d at 225. *See also Braden*, 410 U.S. at 489-92; *Brown v. Estelle*, 530 F.2d 1280, 1284 (5th Cir. 1976). This exhaustion doctrine of § 2241(c)(3) was judicially crafted on federalism grounds to protect the state courts' opportunity to confront and resolve initially any constitutional issues arising within their jurisdiction and also to limit federal interference in the state adjudicatory process. *See Dickerson*, 816 F.3d at 225; *Braden*, 410 U.S. at 490-91.

Burrell satisfies the "in custody" requirement. At the time of filing this action, he was incarcerated at the Brazos County Jail. Though Burrell satisfies the "in custody" requirement, the record reveals that he has not fully exhausted the available state remedies on his speedy trial claim.

The proper procedure for seeking pre-trial relief on speedy trial grounds is to file a petition for writ of mandamus in the Texas Court of Criminal Appeals. *See Chapman v. Evans*, 744 S.W.2d 133, 135-138 (Tex. Crim. App. 1988) (conditionally granting mandamus petition seeking to compel district court to set for trial or dismiss pending indictment for offense unrelated to that for which petitioner was presently incarcerated); *Thomas v. Stevenson*, 561 S.W.2d 845, 846-47 (Tex. Crim. App. 1978) (conditionally granting mandamus petition seeking to compel district court to set case for trial).

On August 15, 2014, this court ordered Burrell to complete the attached form for federal habeas corpus relief under 28 U.S.C. § 2254. Burrell did not comply. Instead, he filed two handwritten pleadings. (Docket Entry Nos. 11 & 12). Nothing in Burrell's pleadings suggests that he has filed a state application presenting the speedy trial claim. Nor do his pleadings suggest that he has pursued a petition for writ of mandamus in the Court of Criminal Appeals. *See Brown v. Estelle*, 530 F.2d 1280, 1284 (5th Cir. 1976) (requiring exhaustion by petition for writ of mandamus, but applying law in effect prior to 1977 amendment to Article V, Section 5 of the Texas Constitution). The court's online research confirms that Burrell has not filed a petition for a writ of mandamus in the Texas Court of Criminal Appeals.

Texas has adequate and effective state procedures for obtaining a speedy trial, and in the absence of proof that the highest state court with criminal law jurisdiction has been given a fair opportunity to consider Burrell's speedy trial claim, the due administration of justice would be better served by insisting on exhaustion of his state court remedies. Burrell's speedy trial claim is dismissed for failure to exhaust state remedies.

## III. Conclusion

Burrell's federal petition for a writ of habeas corpus is denied. Burrell's motions to proceed in forma pauperis, (Docket Entry Nos. 9 & 25), are GRANTED. Burrell's motions for counsel, (Docket Entry Nos. 7, 33, & 36), are DENIED as moot. All remaining pending motions are denied as moot. This case is dismissed without prejudice.

On September 8, 2014, Burrell filed a civil rights complaint. (Docket Entry No. 24). In the interest of judicial economy, the Clerk is directed to file Burrell's civil rights complaint, (Docket Entry No. 24), as a new civil action and assign it to the under-signed judge.

The showing necessary for a Certificate of Appealability is a substantial showing of the denial of a constitutional right. *Hernandez v. Johnson,* 213 F.3d 243, 248 (5th Cir. 2000)(citing *Slack v. McDaniel,* 529 U.S. 473, 483-84 (2000)). An applicant makes a substantial showing when he demonstrates that his application involves issues that are debatable among jurists of reason, that another court could resolve the issues differently, or that the issues deserve encouragement to proceed further. *See Finley v. Johnson,* 243 F.3d 2150, 218 (5th Cir. 2001).

When, as here, the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Slack,* 529 U.S. 484. Burrell has not made the necessary showing for the issuance of a COA.

SIGNED at Houston, Texas, on OCT 7, 2014.

VANESSA D. GILMORE
UNITED STATES DISTRICT JUDGE